IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRELL WILSON, :
:
    Petitioner :
:
v. : CIVIL NO. 4: CV-05-1782
:
JAMES T. WYNDER, ET AL., : (Judge Jones)
:
    Respondents :

## MEMORANDUM AND ORDER

May 23, 2006

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    Darrell Wilson ("Petitioner" or "Wilson"), an inmate presently confined at the State Correctional Institution, in Dallas, Pennsylvania ("SCI-Dallas"), initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). Named as Respondents are SCI-Dallas Warden James T. Wynder, the Attorney General of Pennsylvania, and the District Attorney of Philadelphia County. Service of the Petition was previously ordered.

    In a memorandum accompanying his Petition, Wilson states that he "was tried and convicted in two separate trials in 1986 and 1987." (Rec. Doc. 2 at ¶ 3).

1

Petitioner notes that both trials resulted in guilty verdicts on charges of robbery and conspiracy.  On November 13, 1986, Wilson was sentenced to a seven and one-half (7 ½ ) to fifteen (15) year term of imprisonment for robbery and a concurrent five (5) to ten (10) year term for criminal conspiracy by Judge Halbert of the Philadelphia County Court of Common Pleas.  On October 22, 1987, Wilson was sentenced by Judge McCrudden of the Philadelphia County Court of Common Pleas to a ten (10) to twenty (20) year term of confinement for robbery and a five (5) to ten (10) year term for criminal conspiracy.  These sentences were ordered to run concurrently with one another and consecutively to the sentences previously imposed by Judge Halbert.  The Pennsylvania Department of Corrections ("DOC") subsequently aggregated all of the above listed sentences into one sentence.

In his present action, Wilson alleges that the DOC has violated the prohibition against Double Jeopardy by aggregating his sentences.  (Rec. Doc. 1 at ¶12 (A)).  He adds that his aggregated sentence was "erroneously calculated" and caused an "increase severity of the sentence." (Rec. Doc. 2 at ¶ ¶ 10 & 25).  As relief, Wilson seeks his release from confinement.

**DISCUSSION**:

Respondents acknowledge that the DOC aggregated Petitioner's two above described state sentences into one sentence of seventeen and one-half (17 ½) to

thirty-five (35) years. They also recognize that Wilson previously filed a similar unsuccessful claim with Pennsylvania's Commonwealth Court and his subsequent appeal to the Pennsylvania Supreme Court was dismissed as being untimely. In their response, Respondents argue that Petitioner is not entitled to federal habeas corpus relief because the DOC was mandated to aggregate his sentences under the standards announced in Abraham v. Department of Corrections, 615 A.2d 814 (Pa. Cmwlth. 1992) and Gillespie v. Commonwealth, 527 A.2d 1061 (Pa. Cmwlth. 1987). (Rec. Doc. 9 at ¶ 16).

42 Pa. C.S.A. § 9757 states that when a Pennsylvania state court determines that a criminal sentence should be served consecutively to one being then imposed by the court or to another sentence previously imposed, the court shall indicate the "minimum sentence to be served for the total of all the offenses with respect to which sentence is imposed." Abraham recognized that aggregation of all consecutive sentences was mandatory under § 9757. In Gillespie, Pennsylvania's Commonwealth Court interpreted § 9757 as mandating automatic aggregation of sentences once a consecutive sentence is imposed. See Gillespie, 527 A.2d at 1065.

In Commonwealth v. Tilghman, 673 A.2d 898 (Pa. 1996), the Pennsylvania Supreme Court partially overruled Abraham , however, the portion of Abraham which is relevant to disposition of this matter, namely the holding that

3

consecutive sentences must be aggregated, remained unchanged. Thereafter, in Commonwealth ex rel. Smith v. Department of Corrections, 829 A.2d 788, 793 (Pa. Cmwlth. 2003), the Commonwealth Court reiterated that separate sentences imposed on two different dates by two different judges had to be aggregated because one sentence was ordered to be served consecutively. See also Nickson v. Board of Probation and Parole, 880 A.2d 21, 24 (Pa. Cmwlth. 2005)(dismissal of "a claim of freedom from aggregation of consecutive sentences"). Pursuant to the above discussion, the DOC clearly acted in accordance with Pennsylvania state law when it aggregated Petitioner's second consecutive sentence with his previously imposed sentence.

Petitioner claims that the DOC's aggregation of his state criminal sentences violates the Double Jeopardy Clause. The Double Jeopardy Clause of the Fifth Amendment provides, "No person shall ... be subject for the same offense to be twice put in jeopardy of life or limb." The Clause serves the function of preventing both "successive punishments and successive prosecutions." United States v. Usery, 111 S.Ct. 2135, 2139 (1996). It "prohibits the government from punishing twice or attempting a second time to punish criminally for the same offense." Id. at 2139-40, see also; United States v. Rice, 109 F. 3d 151, 153 (3d Cir. 1997). The Double Jeopardy Clause is applicable to the States through the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784 (1969). The

purpose of the Double Jeopardy Clause is to prevent a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction or multiple prosecutions for the same offense. United States v. $184,505.01 in U.S. Currency, 72 F.3d 1160, 1165 (3d Cir. 1995).

The present petition clearly does not involve a claim based upon a second prosecution for the same offense. Second, the aggregation of Petitioner's sentences did not increase the punishment imposed by the sentencing courts. As a result, Wilson has failed to set forth a viable Double Jeopardy claim. Since the DOC's aggregation of Petitioner's two state criminal sentences was in accordance with Pennsylvania state law and did not violate the prohibition against Double Jeopardy or any other constitutional protection, there is no basis for federal habeas corpus relief. Wilson's petition will be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (doc. 1) is DENIED.
2. The Clerk of Court is directed to CLOSE the case.
3. Based on the Court's determination there is no basis for the issuance of a Certificate of Appealability.

_____
John E. Jones III
United States District Judge